IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WORLD TRIATHLON CORPORATION, a Florida Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DUNBAR, IAN EMBERSON, HENRY FORREST, GORDON HALLER, ARCHIE HAPAI AND RALPH YAWATA, individually collectively d/b/a HAWAIIAN IRONMAN TRIATHLON ORGANIZING COMMITTEE, <br><br> Defendants. | CIVIL NO. 05-00351 JMS-KSC <br><br> FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES

On December 15, 2006, Plaintiff World Triathlon Corporation ("Plaintiff") filed a Motion for Attorneys' Fees ("Motion"). Plaintiff seeks a total of $219,278.11 in attorneys' fees and costs. Pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(2)(D) and Local Rule 53.1 of the Local Rules for the United States District Court for the District of Hawaii

("Local Rules"), this matter was designated to this Court by United States District Judge J. Michael Seabright.

On December 28, 2006, Defendants John Dunbar, Ian Emberson, Henry Forrest, Gordon Haller, Archie Hapai and Ralph Yawata, Individually, Collectively, d/b/a Hawaiian Ironman Triathlon Organization Committee ("Defendants") filed their Opposition. On January 2, 2007, Defendants filed a Supplemental Opposition. On January 9, 2007, Plaintiff filed its Reply.

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

On November 9, 2006, Judge Seabright adopted this Court's Findings and Recommendation to Deny Plaintiff's Motion for Attorneys' Fees. The Court denied Plaintiff's Motion for Attorneys' Fees filed on August 2, 2006, based on Plaintiff's failure to comply with Local Rule 54.3(b). The Court finds that Plaintiff's instant Motion again fails to comply with the Local Rules.

Local Rule 54.3(d)(1) requires in pertinent part that a memorandum in support of a motion for attorneys' fees shall contain an itemization of work performed organized by litigation phase as follows:

> (A) case development, background investigation and case administration (includes initial investigations, file setup, preparation of budgets, and routine communications with client, co-counsel, opposing counsel and the court); (B) pleadings; (C) interrogatories, document production, and other written discovery; (D) depositions; (E) motions practice; (F) attending court hearings; (G) trial preparation and attending trial; and (H) post-trial motions.

L.R. 54.3(d)(1).  The Court, after reviewing Plaintiff's Motion, Plaintiff's Memorandum in Support of the Motion, and the declarations and exhibits attached to the Motion, finds that Plaintiff has failed to itemize the work performed by Plaintiff's attorneys in accordance with Local Rule 54.3(d)(1).  This information is required and necessary for the Court to determine the reasonableness of the fees requested in this case.

Local Rule 54.3(d)(3) requires in pertinent part that a moving party identify each requested non-taxable expense and "set forth the applicable authority entitling the moving party to such expense." While Plaintiff has itemized the costs it is requesting, it has failed to set forth the authority entitling it to the non-taxable expenses it seeks. Thus, the Court finds that Plaintiff has also failed to comply with Local Rule 54.3(d)(3).

Consequently, because Plaintiff has failed to comply with the Local Rules of this Court, the Court FINDS and RECOMMENDS that Plaintiff's Motion be DENIED without prejudice to Plaintiff refiling its Motion in accordance with Local Rules 54.3(d)(1), 54.3(d)(3) and all Local Rules.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, January 23, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00351 JMS-KSC; WORLD TRIATHLON CORPORATION vs. JOHN DUNBAR, et. al.; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEYS' FEES