IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WORLD TRIATHLON CORPORATION, a Florida Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOHN DUNBAR, IAN EMBERSON, HENRY FORREST, GORDON HALLER, ARCHIE HAPAI AND RALPH YAWATA, individually collectively d/b/a HAWAIIAN IRONMAN TRIATHLON ORGANIZING COMMITTEE,<br><br>    Defendants. | CIVIL NO. 05-00351 JMS-KSC<br><br>REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S AMENDED RENEWED MOTION FOR ATTORNEYS' FEES BE DENIED WITHOUT PREJUDICE |

REPORT OF SPECIAL MASTER RECOMMENDING THAT
PLAINTIFF'S AMENDED RENEWED MOTION FOR
<u>ATTORNEYS' FEES BE DENIED WITHOUT PREJUDICE</u>

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiff World Triathlon Corporation's ("Plaintiff") Amended Renewed Motion for Attorneys' Fees ("Motion"), filed on August 20, 2007. Plaintiff seeks a total of $218,531.45 in attorneys' fees and $18,313.83 in costs. On September 7, 2007, Defendants filed an Opposition (titled "Reply Memorandum to Plaintiff's Amended Renewed Request for Attorney Fees"). The Court finds

this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawaii ("Local Rules").

On April 6, 2006, Judge Seabright issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment.  He granted summary judgment in Plaintiff's favor with respect to the following claims: Violation of the Lanham Act (Count I); Violation of Hawaii Revised Statutes § 481A (Count II); and Common Law Unfair Competition (Count III).  In addition, he granted summary judgment in Plaintiff's favor regarding Defendants' Hawaii Revised Statutes § 481A counterclaim and Plaintiff's request for declaratory relief (Count VI).  The Court denied Plaintiff's request for an order requiring the Director of the Hawaii Department of Commerce and Consumer Affairs to cancel Defendants' state registrations, however.  The claims that remain are tortious interference with business relations (Count IV) and slander of title (Count V).

The Court has twice denied without prejudice Plaintiff's previous motions for attorneys' fees due to Plaintiff's failure to comply with the Local Rules. Plaintiff again moves for attorneys' fees and costs in accordance with 15 U.S.C. § 1117(a) even though the action has not yet concluded. Section 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Under Federal Rule of Civil Procedure 54(d), motions for attorneys' fees "must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d); see also Local Rule 54.3(a). Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

Given that the summary judgment order did not dispose of the case, the Court has not entered judgment. Neither does the summary judgment order constitute a "judgment" as contemplated by the federal rules. Accordingly, the Court FINDS that Plaintiff's Motion is premature and RECOMMENDS that the district court DENY the Motion WITHOUT PREJUDICE. Plaintiff may

refile the Motion, if it so chooses, when judgment is entered or when the Court enters an order from which an appeal lies.

    IT IS SO FOUND AND RECOMMENDED.

    Dated: Honolulu, Hawaii, September 25, 2007.



    _____
    Kevin S.C. Chang
    United States Magistrate Judge

CIVIL NO. 05-00351 JMS-KSC; WORLD TRIATHLON CORPORATION vs. JOHN DUNBAR, et. al.; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S AMENDED RENEWED MOTION FOR ATTORNEYS' FEES BE DENIED WITHOUT PREJUDICE.